UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH MCDAVID, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:16-cv-00280-LJM-MPB ) |
| ARAMARK CORRECTIONAL SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

**Entry Granting Motion for Summary Judgment**

Plaintiff Kenneth McDavid is a former inmate of the Putnamville Correctional Facility. He brings this lawsuit pursuant to 42 U.S.C. § 1983 against Aramark Food Services, the company which provides meals at that facility. McDavid alleges that he received inadequate nutrition and the dining facilities are unsanitary and too hot.

Arguing that McDavid failed to exhaust his available administrative remedies with respect to these claims, the defendant moves for summary judgment. McDavid has not responded. For the following reasons, the motion for summary judgment, dkt. [27] is **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In

determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

McDavid has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendant is not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that McDavid has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The Offender Grievance Process is meant to provide a mechanism for every inmate to express complaints and topics of concern, for the efficient and fair resolution of legitimate offender concerns, and for facility and IDOC management to be better informed and better able to carry out the IDOC's mission and goals. Information on the Offender Grievance Process is included with the Admission & Orientation (A & O)

Paperwork for inmates entering Putnamville. A copy of the policy for the Offender Grievance Process is also available to inmates through the Law Library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility. Second, if the inmate is unable to obtain a resolution informally, the inmate may submit a formal grievance to the designated staff person. The appropriate form for submitting grievances is available upon request to inmates through their Caseworker or Casework Manager. Third, if the formal grievance is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten working days from the date of receipt of the grievance response. The Offender Grievance Process is not complete until the inmate completes the appeal process.

McDavid was incarcerated at Putnamville at the time his claims arose. On July 12, 2016, McDavid filed grievance number 92564. In that grievance, he complained that Aramark was not following his diet and he was allergic to soy. This grievance was responded to on July 26, 2016. McDavid never appealed this response. On May 9, 2016, McDavid filed grievance number 92102. In this grievance he alleged that Aramark was feeding him food labeled for institutional use only. He complained the food made him sick and caused him mental anguish, loss of sleep, stomach cramps, and diarrhea. This grievance was responded to on June 17, 2016. McDavid filed an appeal on June 27, 2016. This appeal was responded to on July 20, 2016. McDavid filed grievance 92103 on May 9, 2016. This grievance addressed McDavid's concerns that the kitchen was dirty and that bacteria grew in the heat. It also addressed concerns regarding live

3

birds and bird feces on the tables. This grievance was formally responded to on July 15, 2016. McDavid never appealed this grievance. McDavid filed an informal grievance regarding heat in the dining room on July 11, 2016. McDavid filed a grievance regarding heat in the dining rooms and lack of fans on June 26, 2016. This was responded to on September 21, 2016. No further grievance was filed and no appeal was filed.

### III. Discussion

The defendant argues that McDavid's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the

prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendant has shown that McDavid did not fully exhaust his available administrative remedies as required by the PLRA before filing this lawsuit. On July 12, 2016, he filed a grievance complaining that Aramark was not following his diet and that he is allergic to soy. But he did not appeal the response to this grievance. On May 9, 2016, he filed a grievance stating that the food made him sick and caused him other problems. He appealed the response to this grievance on June 17, 2016, and received a response to his appeal on July 20, 2016. He filed a grievance stating that the kitchen was dirty on May 9, 2016, but did not appeal the response to this grievance. Finally, he filed a grievance regarding heat in the dining room on July 11, 2016. McDavid filed this lawsuit on July 5, 2016.

McDavid has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that McDavid failed to exhaust his available administrative remedies with regard to his claims in this case. In other words, with regard to this grievances related to the food and dining conditions at Pendleton, McDavid either did not complete the administrative remedy process at all or did not complete it *before* he filed this lawsuit. *See Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the

5

litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that McDavid's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendant's motion for summary judgment, dkt. [27] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___7/18/2017___

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH MCDAVID
P.O. Box 28
Pennville, IN 47369

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com